**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ORDONEZ-MEJIA,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>Respondent. | No.  16-73230<br><br>Agency No. A200-246-237<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Juan Ordonez-Mejia, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We grant the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA affirmed the IJ's denial of cancellation of removal for failure to demonstrate 10 years continuous physical presence prior to service of Ordonez-Mejia's Notice to Appear ("NTA"). However, the BIA did not have the benefit of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which held that an NTA that did not specify a place and time for a non-citizen's first hearing did not trigger the stop-time rule to calculate continuous physical presence. As Ordonez-Mejia's NTA did not specify the date and time of his hearing, we remand to the BIA to consider his eligibility for cancellation of removal in light of that decision.

In light of our disposition, we do not reach Ordonez-Mejia's contentions regarding the denial of a continuance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW GRANTED; REMANDED.**